IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Michael R.,** | : | |
| | : | Case No. 2:22-cv-4117 |
| **Plaintiff,** | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Jolson |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before the Court on the Magistrate Judge's September 21, 2023, **Report and Recommendation** (ECF No. 15), which recommended that the Plaintiff's Statement of Errors (ECF No. 11) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**. Plaintiff filed an Objection pursuant to Fed. R. Civ. P. 72(b), to this Report and Recommendation (ECF No. 16). This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on an independent consideration of the analysis therein.

**I. BACKGROUND**

Plaintiff Michael R., filed an application for a Period of Disability and Disability Insurance Benefits on February 26, 2020, alleging that he had been disabled since March 3, 2018. (ECF No. 15). Plaintiff's application was denied and subsequently denied upon reconsideration. *Id*. Plaintiff, represented by counsel, appeared and testified before the Administrative Law Judge (the "ALJ") on October 28, 2021. (*Id*.) On December 3, 2021, the ALJ found Plaintiff's impairments did not meet or medically equal a listed impairment. (*Id*.) The Appeals Council denied Plaintiff's request for review and accepted the ALJ's decision as the Commissioner's final decision. *Id*. Plaintiff

1

timely filed an action for review by Magistrate Judge Kimberly A. Jolson on November 21, 2022. (ECF No. 1).

Plaintiff's Statement of Errors sought reversal on the grounds that "the decision of the Defendant-Commissioner is not supported by substantial evidence." (ECF No. 11). Pursuant to 20 C.F.R. § 404.1520c, Plaintiff asserted that the ALJ erred by failing to evaluate properly the opinions and assessments provided by Ms. Riffle and two state-agency psychologists, Dr. Murry-Hoffman and Dr. Rivera. (*Id*.) The Commissioner's Memorandum in Opposition argued that the medical opinions and assessments were adequately evaluated in Plaintiff's residual functional capacity ("RFC"). (ECF No. 13).

On December 3, 2021, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (ECF No. 15). While it was determined that Plaintiff was unable to perform his past relevant work as a Commercial Driver's License ("CDL") driver or delivery paper driver, the ALJ ultimately concluded that "there were jobs that exist in significant numbers in the national economy that Plaintiff can perform at the light exertional level." (*Id*.) In Plaintiff's RFC, the ALJ explained that:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can stand and walk 6 of 8 hours; sit 6 of 8 hours; lift 20 pounds occasionally and 10 pounds frequently; could climb, stoop, kneel, crouch, or crawl occasionally; could not require driving or riding in a motor vehicle as a requirement of the job; would be limited to simple, routine 1-3 step instructions; in a low stress environment, defined as no quick decision making and no quick judgment required on the job; no interaction with the public and only occasional interactions with co-workers and supervisors; would be unable to perform jobs that are fast pace, high production, or frequent changes in task expectations or locations.

(*Id*.). Based on Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff still had the ability to perform light work and thus concluded he had not been under a disability as defined in the Social Security Act. (*Id*.)

On September 21, 2023, the Magistrate Judge issued a Report and Recommendation recommending that this Court overrule Plaintiff's Statement of Errors and affirm the decision of the Commissioner of Social Security.

Plaintiff objects to the Magistrate Judge's findings. (ECF No. 16). Plaintiff's objection hinges on the medical opinions of Ms. Riffle, Dr. Murry-Hoffman, and Dr. Rivera. (*Id.*) Plaintiff believes that the Magistrate Judge erred by failing to acknowledge that the ALJ did not properly address the supportability and consistency factors regarding evaluations of both Ms. Riffle and the state agency psychologists. (*Id.*) Plaintiff argues that supportability and consistency are factors required under 20 C.F.R. § 404.1520c, and therefore, the failure to address a factor renders the findings invalid. (*Id.*)

## II.  STANDARD OF REVIEW

In a matter regarding an objection to a Magistrate Judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This *de novo* review hinges on "whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence constitutes evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). This means "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

3

### III. LAW AND ANALYSIS

Before the Magistrate Judge, Plaintiff asserted only one error: that the ALJ failed to account for all the credible medical opinions. (ECF No. 11). The Magistrate Judge disagreed with Plaintiff's contention that the ALJ failed adequately to consider the medical opinions in Plaintiff's RFC. (ECF No. 15). Plaintiff objects to the Magistrate Judge's conclusion, asserting that the ALJ's findings are not supported by substantial evidence because it failed to address properly the appropriate factors when evaluating the medical opinions. (ECF No. 16). Plaintiff specifically points to the supportability and consistency factors with this contention. This Court finds that the Magistrate Judge did not err in finding the ALJ's RFC determination was supported by substantial evidence.

Plaintiff's argument that the ALJ's decision was not supported by substantial evidence because it failed to evaluate properly Ms. Riffle's opinion for supportability is unpersuasive. When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920(c)(1). The ALJ underlines that Ms. Riffle's assessments were based on subjective reports of Plaintiff's symptoms of pain and his limitations. (ECF No. 15). In these assessments, Ms. Riffle only offered a brief narrative regarding the suggested limitations and she failed to cite to any treatment note or mental health examination record on the form that would have supported her opined mental limitations. (*Id*.) The Magistrate Judge cites courts in this Circuit which have found medical opinions that include little or no explanation or citation to objective evidence to fail on the supportability prong. In order for Ms. Riffle's opinion to meet the standard for supportability, it must be grounded in objective support. Due to the lack of objective evidence, Ms. Riffle's opinion falls short in its supportability

4

evaluation and ultimately, is unpersuasive. Thus, the Magistrate Judge did not err in holding that the ALJ appropriately considered the supportability of Ms. Riffle's opinion and sufficiently explained her decision that the opinion was not supported.

Plaintiff's objection to the consistency evaluation of Ms. Riffle's opinion is without merit. As the Magistrate Judge noted, the ALJ points to several instances in which Ms. Riffle's opinion was inconsistent with the other evidence on record. (*Id*.). For example, despite not using pain medication, Plaintiff did not seek outpatient medical treatment after 2019 and did not seek urgent care or ER treatment for pain. (*Id*.) The ALJ also highlighted various activities such as Plaintiff's ability to "perform personal care activities independently, prepare meals, cook, clean, mow the lawn, grocery shop, handle his finances, attend appointments, and drive." (*Id*.) These activities suggest "less significant 'barriers to attendance, focus, problem-solving, social/work interaction' than to which Ms. Riffle opined." (*Id*.) Taking these findings into consideration, the Magistrate Judge did not err in holding that the ALJ properly considered the consistency of Ms. Riffle's opinion with the rest of the record.

Further, Plaintiff's assertion that the ALJ's decision failed to evaluate properly the state agency psychological consultants' opinion of Plaintiff's mental functional limitation for work activities is unpersuasive. Specifically, Plaintiff alleges that there is an inherent lack of delineation between supportability and consistency in the ALJ's evaluation of the medical records. However, the Magistrate Judge recognizes the ability of the ALJ to review the medical records holistically and evaluate both factors simultaneously. (*Id*.) As the Magistrate Judge points out, case law has addressed an allegation that an ALJ did not properly assess the supportability of medical opinions provided by the physician. *Vaughn v. Commissioner of Social Security*, No. 20-cv-1119-TMP, 2021 U.S. Dist. LEXIS 134907, at *24 (W.D. Tenn. July 20, 2021). There, the court found that

5

any error in the assessment of the opinion was harmless and remand was not necessary. *Id*. The Magistrate Judge argues that this same analysis should apply to the case at hand.

This Court agrees. As the Magistrate Judge notes, an ALJ has the ability to merge the factors of supportability and consistency when evaluating medical records. This is what occurred here. By comparing the psychological consultants' opinions with the evidence they had available to them when forming their opinions, the ALJ properly discussed supportability. By comparing the opinions to later evidence that was unavailable to the psychological consultants, the ALJ properly discussed consistency with the evidence of record. Therefore, the ALJ satisfied the requirements of the regulation and the Magistrate Judge did not err in holding that the ALJ properly evaluated the state agency psychological consultants' opinion.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: February 20, 2024**